UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY COONS,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>et al.,<br><br>            Defendants. | No. 2:19-cv-1121 JAM AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that the California Department of Corrections and Rehabilitation (CDCR) and LVN Campson violated plaintiff's rights under the First and Eighth Amendments. ECF No. 1 at 3-5. Specifically, plaintiff claims that while Campson was asking plaintiff what kind of knee brace he wanted, Campson was rubbing his own leg in a way that made plaintiff feel uncomfortable. Id. at 3. Then, when another inmate came in to weigh himself, Campson continued to talk to plaintiff about his knee, which plaintiff felt was inappropriate. Id. After the other inmate left, Campson put his hand on plaintiff's upper thigh, saying that he wanted to see plaintiff's knee, at which point plaintiff got up and left because he was feeling sexually harassed. Id. He claims that Campson has a history of harassment and questionable behavior that the CDCR has done nothing to protect inmates from. Id. at 4. Finally, he claims that the CDCR retaliated against him for filing a grievance about Campson by taking his kufi, prayer rug, and other property. Id. at 5.

IV. Failure to State a Claim

A. Sexual Harassment

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations

omitted). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). Even if the court assumes that Campson's brief touching of plaintiff's thigh was inappropriate, it does not rise to the level of an Eighth Amendment violation. See id. at 114 (officer smiling in a sexual manner and rubbing his thigh against plaintiff's thigh while plaintiff was on the toilet did not violate Eighth Amendment). Nor does Campson's touching of his own leg constitute a violation of plaintiff's rights, even if it made plaintiff feel uncomfortable. See Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him). Accordingly, these claims will be dismissed with leave to amend.

   B.  Right to Privacy

The Constitution protects the individual's interest in avoiding disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 598-99 (1977). This includes medical information. Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) ("Individuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information." (citation omitted)). The privacy protections afforded to medical information, however, are not absolute, and can be infringed when there is a "proper government interest," United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (9th Cir. 1980) ("Information about one's body and state of health is matter which the individual is ordinarily entitled to retain within the 'private enclave where he may lead a private life.'" (footnote citation omitted)), and the privacy rights of pretrial detainees are severely curtailed by their confinement, Bell v. Wolfish, 441 U.S. 520, 537 (1979) (recognizing that loss of privacy is an "inherent incident" of confinement in pretrial detention); United States v. Van Poyck, 77 F.3d 285, 291 & n.10 (9th Cir. 1996) ("The extent of curtailment [of privacy rights] for pretrial detainees is the same as for convicted inmates." (citation omitted)). In the prison context, where inmates have generally reduced privacy rights, the state's legitimate penological interests are accorded significant weight. Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010).

Plaintiff appears to claim that Campson violated his right to privacy when he continued to talk about plaintiff's knee after another inmate entered the room. ECF No. 1 at 3. However, it is not clear what the Campson said in the presence of the other inmate, making it unclear that plaintiff's right to privacy was violated. This claim will therefore be dismissed with leave to amend.

### C. CDCR

Plaintiff's claims against the CDCR are barred by sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). "Will[v. Mich. Dept. of State Police, 491 U.S. 58 (1989),] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, because the CDCR is an arm of the state, plaintiff's claims against the CDCR are barred. In order to state claims for the failure to protect plaintiff from defendant Campson and for retaliation, plaintiff must identify the individuals whose actions violated his rights and explain what they did or did not do that caused the violation.

### V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. Your claims that Campson touched his own knee and briefly touched your upper thigh are not enough to support a claim that he sexually harassed you. To state a claim for violation of your right to privacy, you have to allege facts that show Campson talked about your medical condition in front of the other inmate. The CDCR cannot be sued under § 1983. If you want to state a claim for retaliation or failure to protect, you have to identify the people who retaliated against or failed to protect you and explain what they did or did not do that violated your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 8, 2019.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE