UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY COONS,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>et al.,<br><br>  Defendants. | No. 2:19-cv-1121 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a first amended complaint.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

1

Case 2:19-cv-01121-JAM-AC   Document 17   Filed 04/15/21   Page 2 of 4

theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

## II. First Amended Complaint

The first amended complaint alleges that the defendant Campson violated plaintiff's right to medical privacy. ECF No. 12 at 3. Specifically, plaintiff alleges that he was talking to Campson about his knee and knee braces when another inmate came in to weigh himself. Id. Despite the other inmate's presence, Campson continued to ask plaintiff about his knee pain, which plaintiff felt was inappropriate because he did not want other inmates having that information. Id.

## III. Failure to State a Claim

Although "[i]ndividuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information," Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) (quoting Whalen v. Roe, 429 U.S. 589, 599 (1977)), the facts alleged do not demonstrate that Campson disclosed such information. While Campson asked plaintiff questions about his knee, plaintiff was free to decline to answer such questions until the other inmate left the room.

## IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given the additional facts provided by plaintiff, it does not appear that further amendment would result in a cognizable

////

1  claim and leave to amend would be futile.  The complaint should therefore be dismissed without
2  leave to amend.

3      V.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

4      It is being recommended that your complaint be dismissed without leave to amend
5  because Campson did not tell the other inmate your private medical information.  Even though
6  Campson asked you about your knee, you did not have to answer until the other inmate left.

7      In accordance with the above, IT IS HEREBY RECOMMENDED that the first amended
8  complaint be dismissed for failure to state a claim.

9      These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
11 after being served with these findings and recommendations, plaintiff may file written objections
12 with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings
13 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
14 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
15 (9th Cir. 1991).

16 DATED: April 14, 2021

17                                                       ALLISON CLAIRE
18                                                      UNITED STATES MAGISTRATE JUDGE